Wilson, P. J.
Plaintiff was employed by defendant, a wholesale mercantile company, as a travelling salesman under a verbal contract, “for a period of one year, for the season commencing December 1st, 1897.” He brings this suit to recover a balance alleged to be due him on his salary. The defensé is that plaintiff abandoned the contract without cause, about the 22d day of October, 1898, and thereafter failed, neglected and refused to render any services for or on behalf of defendant, as required by the contract. The controlling question involved is one of fact exclusively. This having been found against the defendant by the trial court, upon conflicting testimony, and the finding not being manifestly against the weight of the evidence, and there being sufficient to support it, this court under the usual rule must be concluded by it.
About the only question of law which it would appear could be raised by the defendant, is with reference to the admission of evidence oh the part of the plaintiff to show when the season for the discharge of duties by the plaintiff as travelling sales-, man under the contract ended. Upon the ruling of the court in this respect, the defendant predicates- *241 error, but we think its position cannot be maintained. In the first place, plaintiff alleged in-his complaint that the contract of his employment was for a period of one year, for the season commencing December 1, 1897, and this allegation is expressly admitted by the defendant in its answer. It would seem that' the words “for the season” were used, qualifying the words preceding it, “for a period of one year,” and hence the testimony was admissible to explain what the words meant, — what constituted a season. Such evidence would be explanatory only, and not' contradictory of the terms of an express contract.' Even if the words “for the season” should have been; omitted from the contract, the testimony as to what: constituted the season under the known usage and' custom of the trade might have been admissible' under a general rule of evidence well established and specially ■ recognized by this court.- — Bradbury & Co. v. Butler & Son, 1 Colo App. 435. In that case it - was said, “Parties who contract on a subject-matter concerning which known usages prevail, incorporate such usages, by implication,' into their agreements, if nothing is said to the contrary. —Hostetter v. Park, 137 U. S. 30.”
Besides, all testimony in regard to the custom or usage of the trade, and explanatory of what was meant by the season, could be eliminated, and still the finding of the court should be sustained. Even if the admission of such testimony was error, it was error without prejudice, because there was some evidence showing that plaintiff actually did perform: services in the line of his employment by the de- ■ fendant during the month of November, 1898, which was the month .in dispute.
For the reasons given, the judgment must be affirmed. -. ■ Affirmed.
Gunter, J., not sitting.